Manning, C. J.
The plaintiff purchased ground in New Orleans, *441 with buildings and machinery upon it adapted to the manufacture of cotton goods, and commenced their manufacture in 1877. The board of assessors included this property in their assessment at a valuation of forty thousand dollars. In that year the plaintiff paid- one hundred dollars to the State, and the same sum to the City, as a commutation for the taxes which each could claim, under authority of an act of the General Assembly, which exempted any incorporated company, whose-business was the manufacture of cotton or woollen goods, from all taxes, by the payment of the sums above mentioned in due time. Sess. Acts 1875, p. 107. The object of this suit is to annul the assessment of this property, and to prevent the delivery of copies thereof to the Auditor and the Recorder of mortgages.
The exception of no cause of action was pleaded, in this; that even if the property be exempt from taxation, the plaintiff should wait until a tax is demanded before he complains, and Roudanez v. Mayor, 29 Annual, 271 is cited as authority. The dissimilarity in the two cases is manifest. In Roudanez a few persons undertook to prevent the holding of an election to determine whether a tax should bé levied to aid a railway. We held their action premature because none of their rights had been invaded, and the danger they apprehended was too remote to warrant an injunction. In this case a present right is claimed to be affected, and an imminent peril to that right is sought to be averted. The assessment-roll stands in lieu of citation in legal proceedings. If the plaintiff should fail to pay the assessed tax, the deposite of the roll is the first step in a suit to enforce its payment. It was an act which might operate great injury, and he was not bound to wait until another step had been taken towards its infliction.
The defence is based upon the alleged unconstitutionality of the Act which exompts this property from taxation. It is claimed that whed the constitution says, “all property shall be taxed in proportion to its value, to be ascertained as directed by law,” and in the next sentence confers upon the General Assembly the power to exempt from taxation property actually used for church, school, or charitable purposes, that it means, no property shall be exempt except it be used for one of these three purposes. We have heretofore refused to adopt that construction of the constitution. New Orleans v. Davidson, 30 Annual, 554. New Orleans v. Fourchy, Ibid. 910.
In order to authorize the construction of the defendant, one part of the sentence must be expunged, so that it shall read — all property shall be taxed. That such was not the intent of the framers of that instrument is apparent from the permission immediately given to the legislature to exempt something. That the legislative interpretation of that sentence is not as the defendant claims, is exhibited by the frequent *442 exemption of property, not coming within the classes mentioned, and our construction has been in harmony with that interpretation.
The constitution has not commanded that all property shall be taxed, but that none other than an ad valorem tax shall be levied upon it; that is to say, whenever the legislature does, tax property, it must tax it proportionate to its value. If art. 118 of the constitution read thus ; — All property shall be taxed, and the taxation shall be in proportion to its value — the mandate would be unmistakeable. Taxation in proportion to value is the principle asserted in that article as it appears in the constitution. The absence of any prohibition of exemption is marked and significant. The' permission to exempt certain property, because of the use to which it is applied, indicates only that the property thus used may be exempted, but does not exclude the exercise of power to exempt any other.
The legislature has constantly exercised the power to exempt other property, and has exempted it, as for example, household goods, mechanics’ and labourers’ tools, etc. of a specified value. Besides it is an admitted fact, that all property is not subjected to taxation, notwithstanding the provision of equality and uniformity, or even of universality. The power of the legislature to commute taxes, says Mr. Burroughs, is not restrained by the provision for equality and uniformity. Taxation, 56. This provision does not inhibit the legislature from, nor deprive it of the power of dividing the objeots of taxation into classes, but only commands it to impose the same burthen upon all who are in the same class. New Orleans v. Kaufman, 29 Annual, 283.
The judgment of the lower court was in favour of the defendant, and is erroneous. Therefore
It is ordered and decreed that the judgment rendered below is avoided and reversed, and that the injunction of the plaintiff is maintained and perpetuated, and that the plaintiff recover of the defendants the costs of both courts.